IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS RAMIREZ AND DOLORES RAMIREZ,

    Plaintiffs,

v.                                                        Civ. No. 14-448 GBW/KBM

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction filed by Defendants New Mexico Department of Public Safety, New Mexico Livestock Board, and Matthew Romero (hereinafter "Defendants").[1]  *Doc. 24*.  The Court held a hearing on the motion on July 22, 2015 (*doc. 46*), and entered an Order for Supplemental Briefing on July 31, 2015 (*doc. 48*).  Having considered all the briefing (*docs. 30, 50, 51*), and the arguments presented at the hearing, the Court will GRANT the motion in part and DENY it in part.

**I.    BACKGROUND**

This case concerns the events surrounding the arrest of Plaintiff Carlos Ramirez. *Doc. 1*, Ex. 1.  On September 23, 2010, Defendant Matthew Romero, a Livestock Inspector for the New Mexico Livestock Board, went to Plaintiff Carlos Ramirez's

---

[1] Defendant Tom Lucero did not join in the motion.

1

property to ask him whether he had let his horses loose outside of his property. *Doc. 1*, Ex. 1 at 4. Finding no evidence that Mr. Ramirez had done so, Defendant Romero left. He returned about half an hour later and informed Plaintiff Carlos Ramirez that a neighbor, Robert Vigil, had complained that Mr. Ramirez was letting his horses loose on a public right-of-way. *Doc. 1*, Ex. 1 at 4; *doc. 34* at 1. Defendant Romero asked for Mr. Ramirez's driver's license and stated that he was placing him under arrest. *Doc. 1*, Ex. 1 at 4. However, Defendant Romero left without arresting Mr. Ramirez after Plaintiff Dolores Ramirez declared that he was trespassing. *Doc. 1*, Ex. 1 at 4. Defendant Romero returned approximately twenty minutes later, accompanied by two state police officers—Defendants Tom Lucero and John Doe.[2] *Doc. 1*, Ex. 1 at 4-5. After several minutes of discussion with Plaintiffs, Defendants entered onto Plaintiffs' property and Defendant Lucero, assisted by Defendants Doe and Romero, arrested Plaintiff Carlos Ramirez. *Doc. 1*, Ex. 1 at 5. Plaintiff Carlos Ramirez was subsequently charged with public nuisance, resisting an officer, and concealing identity. *Doc. 1*, Ex. 1 at 8.

## II.   PROCEDURAL HISTORY

Plaintiffs filed their complaint in the Fourth Judicial District Court of the State of New Mexico on August 4, 2011. *Doc. 1*, Ex. 1. Their complaint brings claims under the New Mexico Tort Claims Act (NMTCA) for false imprisonment, false arrest, malicious

---

[2] Defendant John Doe was voluntarily dismissed from this action on March 24, 2015. *Doc. 31.*

prosecution, and battery.³  Plaintiffs also allege claims under 42 U.S.C. § 1983 for violations of their "rights to be free from unreasonable searches of seizures, not to be deprived of liberty or property without due process of law, [and] not to be deprived of their privacy . . . ."  *Doc. 1*, Ex. 1 at 10.  On August 31, 2012, the state district court dismissed the case for lack of prosecution.  *Doc. 1* at 1.  Shortly thereafter, Plaintiffs moved to reinstate the case.  The state court granted the motion and reinstated the case on January 11, 2013.  *Id.*  The case was removed to this Court on May 14, 2014.  *Doc. 1.*

Defendants State of New Mexico Department of Public Safety, New Mexico State Police, New Mexico Livestock Board, and Matthew Romero⁴ filed the instant Motion to Dismiss for Lack of Jurisdiction on February 18, 2015.  *Doc. 24.*  Plaintiffs responded on March 23, 2015.  *Doc. 30.*  No reply was filed.  The Court held a hearing on the motion on July 22, 2015.  *Doc. 46*.  Thereafter, the Court ordered the parties to submit supplemental briefing on the following issues:

(1) The sufficiency of Plaintiff's notice under the New Mexico Tort Claims Act;

(2) The impact of the Court of Appeals of New Mexico's ruling in *Romero v. Bachicha*, 28 P.3d 1151 (N.M. Ct. App. 2001), on Defendants' statute of limitations argument as to Plaintiffs' state claims against Defendants New Mexico Livestock Board and New Mexico Department of Public Safety, who were served on November 15, 2013, and February 17, 2014, respectively;

---

³ In the "General Allegations" section of the complaint, Plaintiffs assert that Defendants also "committed the Torts . . . of . . . Assault, . . . Invasion of Privacy, Trespass, Intentional Infliction of Emotional Distress, [and] Negligence."  *Doc. 1*, Ex. 1 at 4.  However, these claims are not raised elsewhere in the complaint, and are not mentioned in any of Plaintiffs' causes of action.  As such, the Court construes the complaint as not properly asserting these claims.
⁴ Although the motion names Ronald Duran as a defendant, Mr. Duran was not named in Plaintiffs' complaint and is not a defendant in this action.

3

(3) Whether there remains any basis for dismissal on statute of limitations grounds for Plaintiffs' state claims against Defendants Romero and Lucero, who were served on August 15, 2011, and August 19, 2011, respectively;

(4) The basis, if any, for dismissal of Plaintiffs' federal claims under 42 U.S.C. § 1983, which are subject to a three-year statute of limitations. *Doc. 48*.

Defendants filed their supplemental brief on August 10, 2015 (*doc. 50*), and Plaintiffs filed their response on August 20, 2015 (*doc. 51*).

### III. ANALYSIS

#### A. Statute of Limitations

*1. New Mexico Tort Claims Act (NMTCA)*

Under the NMTCA, an action "against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence . . . ." N.M. STAT. ANN. § 41-4-15(A) (1978). Based on this rule, Plaintiffs had to commence their action by no later than September 23, 2012, which they did by filing suit on August 4, 2011. Plaintiffs, however, did not serve Defendants New Mexico Livestock Board and New Mexico Department of Public Safety until November 15, 2013, and February 17, 2014, respectively.[5]

Defendants assert that Plaintiffs' claims are barred by the statute of limitations because the "agencies have not been served a Complaint within the two-year Statute of Limitations." *Doc. 24* at 4. Plaintiffs counter that the statute of limitations only requires

---

[5] In their supplemental brief, Defendants concede that the statute of limitations provides no basis for dismissal of Plaintiffs' claims against Defendants Romero and Lucero, who were both served within two years, on August 15, 2011, and August 19, 2011, respectively.

that an action be "*commenced* within two years," and says nothing about the deadline for Defendants to be served.  N.M. STAT. ANN. § 41-4-15(A) (1978) (emphasis added).

However, New Mexico law also requires "that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations *plus a reasonable time for service of process*."  *Romero v. Bachicha*, 28 P.3d 1151, 1156 (N.M. Ct. App. 2001) (emphasis added).  In assessing whether service of process was completed within a reasonable time, a New Mexico court "is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint."  *Martinez v. Segovia*, 62 P.3d 331, 338 (N.M. Ct. App. 2002).  It is "reasonable to consider the totality of circumstances and to weigh the actions taken by [the plaintiff] to obtain service against the prejudice to the [Defendants] resulting from the delay of service."  *Id.*

In *Romero*, the Court of Appeals of New Mexico held that the plaintiff had failed to timely notify the defendant of the lawsuit where the complaint was timely filed but the defendant was not served until over a year after the statute of limitations had expired.  In that case, the plaintiff had mistakenly identified the defendant by the wrong name.  The action was dismissed for lack of prosecution, and later reinstated, at which point the plaintiff filed an amended complaint naming the proper defendant.  Although the initial complaint was filed eight days before the statute of limitations expired, the proper defendant was not served until more than a full year thereafter.  The court

ultimately held that the plaintiff "failed to exercise due diligence in serving the . . . complaint and failed to notify [the d]efendant within the period for commencing the action that the lawsuit had been instituted." *Romero*, 28 P.3d at 1157-58.

Here, like in *Romero*, Plaintiffs filed their complaint before the statute of limitations had run, but did not serve Defendants New Mexico Livestock Board and New Mexico Department of Public Safety until more than a full year after the statute of limitations expired. Because the parties' initial briefing did not mention *Romero*, the Court ordered the parties to submit supplemental briefing to address its impact on their arguments. *Doc. 48*.

Defendants argue that, "[s]imilar to *Romero*, Plaintiffs' actions demonstrate a failure to pursue their claims . . . [and] an intent to abandon the lawsuit." *Doc. 50* at 3-4. Plaintiffs contend that Defendants' position puts form over substance because Defendants had *actual* notice of the lawsuit in light of the NMTCA claim that they filed with the New Mexico Risk Management Division on October 14, 2010. *See doc. 30*, Ex. A. Plaintiffs contend that the real question is: "[W]ere the Defendants reasonably notified with[in] the time limits as expressed?" *Doc. 51* at 2. In *Romero*, the Court of Appeals of New Mexico rejected this very argument, concluding that it "is not enough that a defendant is aware that an action *may* be brought . . . . Rather, . . . the defendant [must have] received notice of the institution of the action." *Romero*, 28 P.3d at 1156 (emphasis added) (defendant's receipt of financial interrogatories before complaint was

filed did not provide actual notice of lawsuit).  Because Defendants did not receive notice of the actual lawsuit—only notice that a suit may be filed—Plaintiffs' argument fails.

Plaintiffs also argue that the statute of limitations did not begin to run until February 23, 2011, when Plaintiff Carlos Ramirez's criminal case was dismissed.  The date of dismissal of Mr. Ramirez's criminal case is of no significance to Plaintiffs' claims.  Three of Plaintiffs' state claims—false imprisonment, false arrest, and battery—accrued at the time of Plaintiff Carlos Ramirez's arrest.  Plaintiffs' fourth claim, malicious prosecution, is not a valid claim under New Mexico law.  *See generally DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 285 (N.M. 1997), *overruled on other grounds in Durham v. Guest*, 204 P.3d 19 (N.M. 2009).  The proper claim is for malicious abuse of process, which does not require favorable termination of a criminal proceeding.  *DeVaney*, 953 P.2d at 283 (setting forth elements of malicious abuse of process as "(1) the initiation of judicial proceedings against the plaintiff by the defendant;[6] (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages").  Because favorable termination of criminal proceedings is not an element of this claim either, Plaintiffs' argument fails.

---

[6] Consequently, the malicious abuse of process claim did not accrue until the date charges were brought against Plaintiff Carlos Ramirez.  However, Plaintiffs do not make this argument (or even identify that date), so it is waived.  In any event, the gap between arrest and charge was not likely long enough to impact the statute of limitations analysis.

7

Plaintiffs failed to serve Defendants within two years of the date his state claims accrued. In fact, Defendants New Mexico Livestock Board was served almost fourteen months, and New Mexico Department of Public Safety almost seventeen months, after the two-year limitations period ended. While a plaintiff is permitted a reasonable time for service of process after the expiration of the applicable limitations period, these delays far exceed a "reasonable time." *Romero*, 28 P.3d at, 1156. The sheer length of the delays, Plaintiffs' torpid prosecution of the case in state court, and the complete lack of any explanation for the delay or actions taken to obtain service lead the Court to conclude that the delay demonstrates a lack of due diligence which warrants dismissal. *Martinez*, 62 P.3d at 338.

Therefore, Plaintiffs' state tort claims against Defendants New Mexico Livestock Board and New Mexico Department of Public Safety are untimely and the Court GRANTS Defendants' motion to dismiss those claims.

    *2. 42 U.S.C. § 1983*

Plaintiffs also bring claims pursuant to 42 U.S.C. § 1983, which, of course, are not governed by the same statute of limitations as Plaintiffs' state tort claims. Although "[n]o statute of limitations is expressly provided for civil rights claims brought under section 1983, . . . . Congress has specifically directed [courts] to look to state law . . . . [and] to characterize the essential nature of the federal action" in order to determine the applicable statute of limitations. *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984). The

Tenth Circuit has held that the appropriate statute of limitations for section 1983 claims in New Mexico is three years.[7]  *Id.* at 651.  In this case, that would make the statute of limitations for Plaintiffs' section 1983 claims September 23, 2013.  Plaintiffs filed their complaint on August 4, 2011, which is within three years of the incident giving rise to their claims.

Defendants argue that Defendants New Mexico Livestock Board and New Mexico Department of Public Safety should nonetheless be dismissed because Plaintiffs were dilatory in service of their Complaint . . . ."  *Doc. 50* at 5.  Where, as here, service is complete before removal,[8] "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected . . . ."  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  Therefore, the applicable rule for Plaintiffs' section 1983 claims is the same as the rule for their state claims—Defendants must have been served within a period of time that includes the statute of limitations plus a reasonable time for service of process.  Again, a reasonable time is assessed by considering the totality of the circumstances—specifically, the due diligence of the plaintiff and any prejudice to the defendant.

Defendant New Mexico Livestock Board was served on November 15, 2013, not quite two months after the three-year statute of limitations had expired.  Defendant

---

[7] Defendants' argument that a two-year statute of limitations should instead be applied is entirely without merit.  They cite to dicta in a case that was decided by the Court of Appeals of New Mexico several years *before* the Tenth Circuit's holding that the appropriate statute of limitations was three years.

[8] This case was removed on May 14, 2014.  *Doc. 1*.

New Mexico Department of Public Safety was served on February 17, 2014, almost five months after the three-year statute of limitations had expired. Admittedly, because Plaintiffs' tardiness on the federal claims was not as extreme as it was for the state claims, this delay presents a closer call. However, the Court again finds that service of process was not within a reasonable time. *Romero*, 28 P.3d at, 1156. Both Defendants were served more than two years after the case was first filed, and approximately one year after it was reinstated. Plaintiff provides no explanation for this delay and, given the public nature of the Defendants, the Court cannot understand what could have caused such a delay. Given the length of the delays, Plaintiffs' lackadaisical prosecution of the case in state court, and the complete lack of any explanation of the delay or actions taken to obtain service, the Court finds that the delay demonstrates a lack of due diligence which warrants dismissal of the complaint. *Martinez*, 62 P.3d at 338.[9]

Therefore, Plaintiffs' section 1983 claims against Defendants New Mexico Livestock Board and New Mexico Department of Public Safety are untimely and the Court GRANTS Defendants' motion to dismiss those claims.

### B. <u>Notice Under the New Mexico Tort Claims Act (NMTCA)</u>

Defendants next argue that "[t]he failure of timely notice under the Tort Claims Act . . . is fatal to the Plaintiffs' ability to bring a case against the state of New Mexico

---

[9] Plaintiffs have also failed to establish that the date Plaintiff Carlos Ramirez's criminal case was dismissed is in any way relevant to their section 1983 claims. The Court notes that Plaintiffs did not raise a malicious prosecution claim pursuant to §1983 which does include the element of favorable termination. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

and give a court jurisdiction to hear the Plaintiffs' complaints." *Doc. 24* at 2. The Act provides that "[n]o suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body *unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence*." N.M. STAT. ANN. § 41-4-16(B) (1978) (emphasis added). Proper notice consists of written notice presented to the appropriate governmental body within ninety days after the event giving rise to the claim, "stating the time, place and circumstances of the loss or injury." *Id.* § 41-4-16(A).

In light of the foregoing, Plaintiffs would have needed to provide notice of their claims by no later than December 22, 2010—ninety days after Plaintiff Carlos Ramirez's arrest on September 23, 2010. It is undisputed that Plaintiffs' notice was timely filed, on October 14, 2010. *Doc. 30*, Ex. A; *doc. 46* at 4. Thus, Defendants' sole argument is that "[t]he notice that Plaintiffs sent to New Mexico Risk Management lacked sufficient information as to the time and place of the alleged occurrence and therefore was not timely provided to the State." *Doc. 50* at 3.

Defendants' supplemental briefing is entirely devoid of any analysis or case law to support the position that Plaintiffs' notice was deficient. Contrary to Defendants' assertion that Plaintiff's Notice of Tort Claim did not provide the time or place of the alleged unlawful event, the Notice clearly states that the claims are based on events that

11

took place on Plaintiffs' property on September 23, 2010.[10] *Id.* "The written notice required by Section 41-4-16(A) [the statute to which Defendants cite] is limited to the time, place, and circumstances of the loss or injury. Nothing more is required." *Goodwin v. Memorial Med. Ctr.*, 25 P.3d 273, 289 (N.M. Ct. App. 2001).

At the July 22, 2015 hearing, Defendants cited to several cases that they contend support their position that Plaintiffs' notice was insufficient under the NMTCA. Surprisingly, these cases are entirely absent from their supplemental brief. Perhaps on further review, Defendants concluded, as the Court has, that they do not stand for the rules Defendants seek to have the Court apply.

At the hearing, Defendants cited to *Lopez v. New Mexico*, 930 P.2d 146 (N.M. 1996) for the proposition that plaintiffs must state in unequivocal terms that they are going to sue, and that simply filing a claim with the State of New Mexico Risk Management Division is not sufficient. Doc. 46 at 2. *Lopez* actually established the exact opposite rule:

> Our prior cases may have been understood to require a particular type of statement by a victim, such as, "I am going to sue," or the equivalent in actual notice from some other source. ***We now clarify our prior cases and hold that such a statement is not necessary.***

---

[10] Arguably, identifying the place as "the property of Carlos Ramirez" without a specific address—as Plaintiffs appear to have done in their Notice of Tort Claim—is not sufficient under the statute. However, Defendants do not make this argument, nor do they cite to any authority for this proposition. Further, because the State of New Mexico Risk Management Division in fact investigated Plaintiffs' claim, *see doc. 30*, Ex. B, it is reasonable to infer that Plaintiffs' notice provided sufficient information regarding the place of the alleged violation.

930 P.2d at 151 (emphasis added). At several points throughout the opinion, the Supreme Court of New Mexico clarified that the standard for notice is merely whether the state is on notice that it *may* be subject to suit. *Id.* at 149 ("The purpose of the notice requirements of the Tort Claims Act 'is to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit.'"), 150 ("Section 41-4-16(B) 'contemplates that the state must be given notice of a likelihood that litigation may ensue.'"; "New Mexico courts have consistently applied the 'likelihood that litigation may ensue' standard, looking at whether, from the totality of the circumstances . . . ., a reasonable person would have concluded that the victim may claim compensation.") (internal citations omitted). Because Defendants were clearly on notice that they may be sued, Plaintiffs provided sufficient notice under the NMTCA.

The other two cases to which Defendants cited at the hearing—*Dutton v. McKinley Cnty. Bd. of Comm'rs*, 822 P.2d 1134 (N.M. Ct. App. 1991) and *Martinez v. City of Clovis*, 625 P.2d 583 (N.M. Ct. App. 1980)—both predate the Supreme Court of New Mexico's holding in *Lopez*, and do not salvage Defendants' argument. *Dutton* does state, however, that "under the Tort Claims Act defendants have the burden of proving that the notice requirement was not met." 822 P.2d at 1135. They have not done so here.

For the foregoing reasons, Defendants' Motion to Dismiss for insufficient notice under the NMTCA is DENIED.

**IV.    CONCLUSION**

Defendants' Motion to Dismiss for Lack of Jurisdiction (*doc. 24*) is GRANTED in part and DENIED in part. Plaintiffs' claims against Defendants New Mexico Department of Public Safety and New Mexico Livestock Board are hereby dismissed with prejudice. All other claims brought by Plaintiff remain.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**